UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVONTA SCOTT, ) | |
| ) | Case No. 22 C 2936 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| VILLAGE OF RIVERDALE, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Davonta Scott brings the present complaint against the Village of Riverdale and Riverdale police officers alleging Fourth Amendment and state law claims, including a claim against Riverdale under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Before the Court is Riverdale's motion to dismiss Scott's *Monell* claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Riverdale's motion without prejudice and grants Scott leave to amend his *Monell* claim in accordance with this ruling.

**Background**

In his complaint, Scott alleges that on November 11, 2021, defendant Riverdale police officers Alexandria Griffin and Marcus Lewis responded to a call from Scott's home in Riverdale. When the officers encountered Scott, he was asleep. Despite being asleep, along with no evidence of weapons in the vicinity, defendants confronted Scott. During his encounter with Scott, Officer Lewis deployed his Taser. The officers then arrested Scott based on the misdemeanor offense of resisting or obstructing a peace officer. The Cook County State's Attorney terminated Scott's criminal proceedings via nolle prosequi on April 1, 2022.

Scott brings a Fourth Amendment excessive force claim, a state law assault claim, a malicious prosecution claim, and an intentional infliction of emotional distress claim against Officer

Lewis, a failure to intervene claim against Officer Griffin, and a *Monell* claim against Riverdale.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

In Count VI of his complaint, Scott brings a *Monell* claim against Riverdale. "A municipal entity can be liable under section 1983 for constitutional violations only if those violations were brought about by: (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez v. McHenry Cty., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022). "A municipal entity is liable under § 1983 only if a municipal 'policy or custom' is the 'moving force' behind a constitutional violation and if the municipal defendant can be said to be culpable or at fault for the violation." *Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 826 (7th Cir. 2022).

Scott bases his *Monell* claim on Riverdale's alleged widespread, unofficial policy, practice, or custom that deprived him of his constitutional rights. Scott's *Monell* allegations include that Riverdale police officers prepare false and incomplete police reports to cover-up police misconduct

2

and also file false charges and pursue baseless prosecutions to protect police officers from misconduct allegations. Scott further maintains there is a code of silence within the Riverdale police department in which police officers fail to report police misconduct. In addition, he asserts that Riverdale fails to adequately train, supervise, or discipline its police officers.

When "applying *Monell* and avoiding respondeat superior liability, one key is to distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Accordingly, to plausibly allege the existence of a widespread, unofficial practice so permanent that it constitutes a policy with the force of law, Scott must set forth some facts that his incident was not an isolated or random occurrence. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom."). Put differently, a plaintiff must allege more than his own experience to "show a sufficiently specific pattern of conduct to 'support the general allegation of a custom or policy.'" *Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (citation omitted).

In his complaint, Scott makes no mention of any other, similar incidents to support his *Monell* widespread practice claim. This leaves the Court with Scott's allegations of his own incident, which do not permit a reasonable inference that the alleged practice or policy was so widespread it constituted a governmental custom. Thus, Scott has failed to plausibly allege there is a widespread custom or practice for *Monell* purposes. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

The Court therefore grants Riverdale's motion to dismiss Count VI without prejudice. The Court grants Scott leave to file an amended complaint to re-allege his *Monell* claim.

**Conclusion**

For these reasons, the Court grants defendant's motion to dismiss without prejudice [14] and grants plaintiff leave to amend his *Monell* claim in accordance with this ruling and counsel's Rule 11 obligations. Plaintiff's amended complaint is due on or before October 4, 2022.

**IT IS SO ORDERED.**

Date: 9/13/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4