UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVONTA SCOTT, ) | |
| ) | Case No. 1:22-CV-02936 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| VILLAGE OF RIVERDALE, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Davonta Scott, filed his First Amended Complaint against Defendants, Village of Riverdale, Illinois, et al., alleging Fourth Amendment and state law claims, including a claim against Riverdale under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Before the Court is Riversdale's motion to dismiss Scott's *Monell* claim (Count VI) under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Riverdale's Motion.

**Background**

Scott filed his original complaint on June 6, 2022. Defendant filed a Motion to Dismiss Count VI for municipal liability under a *Monell* claim pursuant to Federal Rules of Civil Procedure 12(b)(6). The Court granted Defendant's Motion without prejudice and allowed Scott leave to amend by October 4, 2022. Defendant duly filed a new motion to dismiss Scott's re-alleged *Monell* claim. That motion is before the Court today.

The basic facts in Scott's First Amended Complaint remain largely the same. Scott alleges that on November 11, 2021, Riverdale police officers Alexandria Griffin and Marcus Lewis responded to a call from Scott's home in Riverdale. When the officers encountered Scott, he was asleep. Although Scott was asleep and there was no evidence of weapons in the vicinity, defendants

1

confronted him. During the encounter, Officer Lewis deployed his Taser and tased Scott three separate times. The officers then arrested Scott for the misdemeanor offense of resisting or obstructing a peace officer. The Cook County State's Attorney terminated Scott's criminal proceedings on April 1, 2022. Scott alleges Riverdale has been subject to numerous excessive force lawsuits and has ignored these allegations. Scott further alleges that Riverdale upholds these practices throughout their hiring process, duties, and polices and customs.

Scott brings a Fourth Amendment excessive force claim, a state law assault claim, a malicious prosecution claim, and an intentional infliction of emotional distress claim against Officer Lewis, a failure to intervene claim against Officer Griffin, and a *Monell* claim against Riverdale.

**Legal Standard**

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Scott has plausibly alleged a *Monell* claim. Under *Monell*, a plaintiff must "prove that a municipality, either through an express policy or an implied policy of inaction, took 'deliberate' action that was the 'moving force' behind a constitutional injury." *Taylor v. Hughes*, 26 F.4th 419, 435

(7th Cir. 2022). To do this, a plaintiff must show either "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Story v. Dart*, No. 19-cv-2476, 2023 WL 2612622, at *6 (N.D. Ill. Mar. 23, 2023) (Seeger, J.).

Here, Scott's *Monell* claim is an allegation of a widespread practice. "While *Iqbal* and *Twombly* direct the Court to disregard a naked allegation of a policy, practice or custom, nothing in those cases requires the Court to adopt a numerical rule for *Monell* claims." *Karney v. City of Naperville*, No: 15-cv-4608, 2016 WL 6082354, at *13 (N.D. Ill. Oct. 18, 2016) (Durkin, J.). However, in order to show the existence of a widespread practice, a plaintiff must present sufficient evidence to allow the Court "to infer that there is a municipal policy at work," for instance "[i]f the same problem has arisen many times and the municipality has acquiesced in the outcome." *Falk v. Perez*, 973 F. Supp. 2d 850, 864 (N.D. Ill. 2013) (Castillo, J.) (citing Calhoun v. Ramsey, 408 F.3d 375, 380 (7th Cir. 2005). Ultimately, "[t]he municipal entity's liability then flows from its failure to take action to prevent that custom or practice from injuring the plaintiff." *Arrington v. City of Chi.*, No. 17 C 5345, 2018 WL 620036, at *3 (N.D. Ill. Jan. 30, 2018) (Durkin, J.).

Previously, this Court held that Scott failed to plausibly allege widespread practice for *Monell* purposes because he made no mention of any other similar incidents to support his claim. Scott has now plausibly alleged a *Monell* claim under the action of widespread practice by alleging similar incidences to his that show Riverdale's continuous use of excessive force through tasers against unarmed, nonviolent people. In this circuit, "for purposes of proving a widespread practice that is so permanent and well-settled as to constitute a custom or usage with the force of law, the plaintiff is required to present evidence that the circumstances [they] endured was not an isolated incident." *Calhoun v. Ramsey,* 408 F.3d 375, 379 (7th Cir. 2005). Scott does this by detailing two other incidents

3

to support his *Monell* widespread practice claim. The first incident Scott alleges involves an individual tased seven times by the Riverdale Police Department after surrendering in 2017 in the case *Watson v. Village of Riverdale*, No. 17 C 6771, 2018 WL 4931708 (N.D. Ill. Oct. 11, 2018) (Durkin, J.).[1] The second involves an unarmed woman tased by the Riverdale Police Department in 2014.

Scott's *Monell* claim meets the plausibility standard to survive a motion to dismiss. Riverdale cites several cases supporting their argument that Scott has not identified enough other incidents to show that Riverdale is engaged in the widespread practice of excessive use of force through a taser against unarmed, nonviolent people. *See, e.g., Ramos v. City of Chi*, 707 F. Supp. 345, 347 (N.D. Ill. 1989) (Norgle, J.) (finding that "alleging six incidences of police brutality over a ten year period in a city as large as Chicago with a police force in excess of 10,000 members is unremarkable, and in no way indicates a policy or custom"). As recent demographic data shows, the city of Chicago's population is roughly 2.6 million and the Village of Riverdale's population is 10,266.[2] In the context of the small size of the Riverdale Police Department, three incidents are far more significant for the *Monell* analysis than they would be in the context of a major city. This is relevant to whether a *Monell* claim alleging a widespread practice is plausible and survives a motion to dismiss because the number of incidences to be considered widespread practice differs depending on the population size. *See Karney v. City of Naperville*, No: 15 C 4608, 2016 WL 6082354 (N.D. Ill. Oct. 18, 2016) (Durkin, J.); *see also Starks v. City of Waukengan*, 09 C 348, 2013 WL 5874563 (N.D. Ill. Oct. 31, 2013) (Feinerman, J.).

---

[1] In *Watson*, the Court denied the defendant's motion to dismiss plaintiff's *Monell* claim pursuant to Federal Rules of Civil Procedure 12(b)(6). *Watson*, 2018 4931708, at *1.

[2] *See* U.S. Census Bureau website, https://www.census.gov/quickfacts/fact/table/chicagocityillinois,US/PST045222 and https://www.census.gov/quickfacts/riverdalevillageillinois

While a few excessive force through a taser incidents in Chicago may not be enough to constitute a widespread practice because of the incident to population ratio, it is sufficient in a far smaller town with a far smaller police force. Considering the number of incidents Scott alleges, the similarity and time period between the other incidences and Scott's, and the Village of Riverdale's population size, it is plausible that Riverdale has a widespread practice of insufficient training regarding the use of force that has resulted in several unarmed individuals being tased. As a result, Scott has plead a plausible *Monell* widespread practice claim.

**Conclusion**

Based on the foregoing reasons, the Court denies Riverdale's Motion.

IT IS SO ORDERED.

Date: 8/25/2023         Entered: _____
                             SHARON JOHNSON COLEMAN
                             United States District Judge